## BROOKS *v.* THE STATE.

An affidavit filed with a motion for a new trial by one who had been convicted of a crime, purporting to set forth an account of his connection with the alleged criminal act, entirely different from that given by him in his statement when on trial, can not be treated as newly discovered evidence, and would not, of course, authorize the granting of a new trial.

Argued June 19, — Decided July 19, 1899.

Indictment for murder. Before Judge Butt. Harris superior court. April term, 1899.

· L. L. Stanford and B. H. Walton, for plaintiff in error.

J. M. Terrell, attorney-general, and S. P. Gilbert, solicitor-general, contra. . -

COBB, J.   Hilliard Brooks was tried upon an indictment charging him with the offense of murder, and convicted.   The evidence for the State, if credible, fully authorized the verdict; it being shown by such evidence that the deceased came to his death from a wound inflicted by a ball from a pistol in the hands of the accused.   In his statement the accused admitted that there was shooting by some one at the time the deceased was killed, but asserted that he did not know who it was that did the shooting, and that he had no pistol on that occasion, the only weapon he had being a knife.   The motion for a new trial was made upon the general grounds, and upon the ground of the "newly discovered evidence contained in the statement of Hilliard Brooks," attached to the motion.   The "statement" referred to is an affidavit of the accused, in which he says that the statement made by him upon the trial was untrue, that he did have a pistol, and that he did shoot on the occasion of the homicide; the circumstances under which he shot being that the deceased and several others were engaged in a general row in which accused had no part, that a shot was fired by some one and the ball came very near to him, when he jerked out his pistol and "shot down that way where they were scuffling"; that when some one said that deceased was shot, some of his friends advised him to get out of the way and to deny everything and own nothing on the trial, and under this advice he did leave and hid until he was captured; that he had no trouble with deceased at the time of the shooting, and never had had any trouble with him, and had nothing against him. He charges in this affidavit that one of the crowd around deceased did the killing.   He says that on his trial he told his lawyers that he did not do the shooting, and that the time of making the affidavit is the first time he ever told them that the shooting was done by him.   This was the first time he had ever been in a court-house, and he did not know what to do.

What is contained in this affidavit can not be considered as evidence within the meaning of the law authorizing the grant-

ing of new trials upon evidence newly discovered; and, as the evidence on the trial fully warranted the jury in returning a verdict of guilty, there was no error in denying a new trial.

*Judgment affirmed. All the Justices concurring.*